IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CONRAAD L. HOEVER,**

    **Plaintiff,**

vs.   CASE NO. 4:14cv274-MW/CAS

**H. ANDREWS,
C. CHASON,
and P. GRICE,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, has filed a third amended civil rights complaint under 42 U.S.C. § 1983. Doc. 13. Review of that version of the complaint as required by 28 U.S.C. § 1915A, reveals that it remains deficient. Because it does not appear that Plaintiff can state a viable claim, further opportunities to submit a fourth amended complaint should not be extended.

Plaintiff did not set forth his factual allegations in separately numbered paragraphs as is required by Federal Rule of Civil Procedure 10(b). Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). The third amended complaint is presented in one long paragraph which does not clearly state what each named Defendant did, or failed to do. The

allegations are insufficient to alert a Defendant as to the basis for Plaintiff's claim. Indeed, they are conclusory only and do not state facts.

Plaintiff seeks to assert a claim for retaliation against Defendants Andrews, Chason, and Howard, prison officials from Calhoun Correctional Institution. Doc. 13 at 11-12. Such a claim requires allegations of three elements: Plaintiff's (1) "speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal connection between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance]." O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011). A broad, conclusory claim that Defendants wanted to transfer Plaintiff to stop him from writing grievances is insufficient.

Plaintiff's claim for retaliation is conclusory and does not specify what each of the three Defendants did, or failed to do. Recognizing "both the near inevitability of decisions and actions by prison officials to which prisoners will take exception and the ease with which claims of retaliation may be fabricated, [courts must] examine prisoners' claims of retaliation with skepticism and particular care." Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir. 1983) (cited in Colon v. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995) (abrogated on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). There must be at least a "colorable suspicion" of retaliation for a complaint to survive and proceed to discovery. Flaherty, 713 F.2d at 13. Such a causal connection may be alleged by a chronology of events that create a plausible inference of retaliation. Cain v. Lane, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988).

"The relevant showing . . . must be more than the prisoner's 'personal belief that he is the victim of retaliation.' " Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (quoting Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995)).  Plaintiff states that he had filed grievances, but he does not identify when the grievances were filed, state how these Defendants were aware of those grievances, or provide any facts which support his subjective assertion that his grievances must have caused Defendants to retaliate against him by directing his transfer.  Plaintiff has not alleged the required causal connection between his protected First Amendment activity and the allegedly adverse treatment.

Moreover, there are no facts presented which reveal that the prison to which Plaintiff was transferred was more "adverse" than the prison where he previously was incarcerated.  Without allegations which demonstrate that Plaintiff suffered an adverse consequence, the claim is insufficient on its face.

Plaintiff also provides no facts to support his assertion that all three Defendants "fabricated evidence that three (3) inmates wrote them grievances of threats against plaintiff that they would physically harm him if" Plaintiff was not transferred.  Doc. 13 at 11.  Plaintiff contends that Defendants "refused to produce the evidence they supposedly had."  Id.  That contention is insufficient because a decision to transfer an inmate is not a liberty interest protected by the Due Process Clause.

Well established law provides that prisoners have no constitutional right to remain in, or be transferred to, a particular institution  with particular rules, regulations and privileges.  Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976).

Both <u>Meachum</u> and <u>Montanye</u> held that intrastate prison transfers did not implicate the prisoners' due process rights. Shortly thereafter, the Supreme Court held in <u>Olim v. Wakinekona</u>, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983), that transferring a prisoner from a Hawaii state prison to a California prison did not implicate a liberty interest protected by the Due Process Clause. Thus, Plaintiff did not have a right to remain at a particular institution or to be presented with evidence which supported the decision to transfer him. A transfer decision is not the same as a disciplinary hearing for which Plaintiff may "claim the protections of the Due Process Clause." <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed. 2d 935 (1974); *see also* <u>Superintendent v. Hill</u>, 472 U.S. 445, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (holding that due process requires that the findings of a prison disciplinary board must be "supported by some evidence in the record."). Because Plaintiff may be transferred to another prison for any reason or no reason, Plaintiff was not entitled to review documents which Defendants relied upon in directing his transfer.

    Because Plaintiff's third amended complaint fails to state a claim upon which relief could be granted, this case should be dismissed. Plaintiff was previously informed of these same deficiencies in the Order directing him to file a third amended complaint. Doc. 12. Plaintiff was cautioned that his allegations could not be conclusory and he "must draw the connection between the knowledge of Plaintiff's grievances by those Defendants" named in this case. *Id.* at 2. He has not done so and further opportunities to amend should not be extended.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 13, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 12, 2014.

 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**